**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN THE MATTER OF:<br>Donald Hugh Nichols and Jane Ann Nichols,<br>Debtors. | No. CV-19-04658-PHX-SMB<br>BK NO. 4:18-bk-09638-BMW<br>**ORDER** |
| Donald Hugh Nichols and Jane Ann Nichols,<br>Appellants,<br>v.<br>Marana Stockyard & Livestock Market Incorporated, et al.,<br>Appellees. | |

  This appeal concerns a complex factual background involving a state civil action, two federal criminal proceedings, and a bankruptcy proceeding. All proceedings, except the bankruptcy one, are brought against Donald Hugh Nichols and Jane Ann Nichols ("Appellants") concerning their alleged participation in fraudulent conduct involving millions of dollars. Appellants appeal from the decision of the United States Bankruptcy Court in the District of Arizona ("bankruptcy court"), which (1) denied Appellants' requested stay pending resolution of their criminal case; and refused to (2) suspend bankruptcy proceedings under 11 U.S.C. § 305 or (3) abstain under 28 U.S.C. § 1334(c)(1). (Doc. 16.) Appellees responded, (Doc. 20), and Appellants replied, (Doc. 23). This Court

affirms the bankruptcy court's order not to stay, suspend, or abstain from its proceedings.[1]

## I. BACKGROUND

Appellants initiated Chapter 13 bankruptcy on August 10, 2018 after Appellees sued them in state court. (Docs. 16-1 at 4; 16 at 8.) Two months later, Appellants testified at Rule 2004 examinations. (*See generally* Doc. 22-2 at 128-190.) The next month, Appellants appeared in a bankruptcy evidentiary hearing, invoking their Fifth Amendment privileges in response to most questions. (*See generally id.* at 15-106.) Then, after roughly nine months of bankruptcy proceedings elapsed, Appellants moved for the bankruptcy court to stay, suspend, and abstain from its proceedings ("motion"). (*Id.* at 70-98.) Appellees responded to that motion and Appellants replied. (Doc. 16-1 at 20-21.) More specifically, the motion requested (1) a stay pending resolution of Appellants' criminal case, (2) suspension of proceedings under section 305, and (3) abstention from proceedings under section 1334(c)(1). (Doc. 22-1 at 70.) The bankruptcy court heard oral argument on June 20, 2019, (Doc. 16-1 at 28), and denied the motion four days later after considering the pleadings, entire record of the case, and oral arguments of counsel. (*Id.* at 20-21.)

In addition to the arguments raised in both parties' briefs, the bankruptcy court listed numerous considerations at oral argument for why a stay, suspension, or abstention was inappropriate. (*See* Doc. 16-1 at 45-49.) These considerations included:

(1) the extent to which Appellants' Fifth Amendment privileges are implicated, were previously invocated, and the nonexistent right not to be forced to choose between testifying in a civil matter and asserting the privilege;

(2) Appellants' interests, including no constitutional right to bankruptcy and prejudice caused by a delay;

(3) proceeding expeditiously with bankruptcy or a particular aspect of it;

(4) the burden a particular aspect of bankruptcy may impose on Appellees;

(6) convenience and efficiency of the bankruptcy court in managing its cases and

---

[1] The Court previously denied a motion to stay the bankruptcy court's decision pending this appeal. (Doc. 18.)

resources;

(7) non-parties' interests in the bankruptcy proceeding;

(8) the public's interest in the pending bankruptcy and criminal proceedings;

(9) Appellants' failures to advance their self-initiated bankruptcy action since its inception; and

(10) Appellants' unfair use of the Fifth Amendment as a shield and the Bankruptcy Code as a sword to which to take unfair advantage of creditors.

(*See id*. (quotations omitted)). After identifying these considerations, the bankruptcy court explained in more detail why Appellants' bankruptcy proceeding should not be stayed, suspended, or abstained from. (*Id.*) For instance, the bankruptcy court denied the stay after considering *Molinaro*'s nonexclusive considerations and evaluating the "specific circumstances surrounding and competing interest[s] involved in the case" because a "complete stay of a pending civil action is an extreme remedy." (*Id.* at 45-46.) The bankruptcy court further reasoned that their requested stay is inappropriate absent "substantial prejudice to the rights of the parties involved." (*Id.*) Further, the bankruptcy court denied Appellants' request to suspend proceedings under section 305(a)(1) after considering the pleadings and whether "the interests of creditors and the debtor would be better served by such dismissal or suspension." (*Id.* at 47.) The court concluded that "[Appellants] have provided no compelling argument to justify suspension of this case pursuant to Section 305." (*Id.* at 49.) Relatedly, the bankruptcy court refused to abstain under section 1334(c)(1) after considering the pleadings and *In re Tucson*'s suggested permissive abstention factors. (*Id.* at 47.) The bankruptcy court reasoned that "the request for abstention makes no sense . . . since it is unclear how [the bankruptcy court] can abstain as to an entire bankruptcy court and who it would be abstaining to." (*Id.* at 49.)

In sum, the bankruptcy court denied the motion after "consideration of the entirety of facts and circumstances" before it. (*Id.*) Appellants now appeal the bankruptcy court's denial of their requested stay pending resolution of their criminal case, refusal to suspend

proceedings, and decision not to abstain. (Doc. 16 at 12.) This Court reviews each decision in turn.

## II. STANDARD OF REVIEW

This Court has jurisdiction to hear appeals from final bankruptcy court orders. 28 U.S.C. § 158(a)(1). A bankruptcy court's denial of a stay, refusal to suspend proceedings, and decision to abstain are each reviewed for abuse of discretion. *See JPMCC 2007-CIBC 19 East Greenway, LLC v. Bataa/Kierland, LLC*, 2013 WL 210845, *2 (D. Ariz. Jan. 18, 2013) (citing *In re Wymer*, 5 B.R. 802, 807-808 (B.A.P. 9th Cir. 1980)); *see also In re Tucson Estates, Inc.*, 912 F.2d 1162, 1169 (9th Cir. 1990); *In re Carraher*, 971 F.2d 327, 328 (9th Cir. 1992). A court abuses its discretion when it "fails to identify and apply the correct legal rule to the relief requested, or if its application of the correct legal standard was (1) illogical, (2) implausible, or (3) without support in inferences that may be drawn from the facts in the record." *In re Roman Catholic Archbishop of Portland in Or.*, 661 F.3d 417, 424 (9th Cir. 2011). An "abuse of discretion standard encompasses a *de novo* review of the law and a clearly erroneous review of the facts with respect to the underlying issues." *Bataa/Kierland, LLC*, 2013 WL 210845, at *2 (citing *In re Irwin*, 338 B.R. 839, 848 (E.D. Cal. Mar. 2, 2006)). Appellants' primary concern here is that the bankruptcy court failed to *apply* the correct legal standards. (Doc. 16 at 12; Doc. 23 at 5 ("The thrust of Appellants' argument is that the bankruptcy court failed to consider or analyze the factors set out by controlling precedent.")).

## III. DISCUSSION

### A. Parallel Proceeding Stay.

Appellants concede the bankruptcy court correctly identified the applicable balancing test for highly discretionary parallel proceeding stays, but nonetheless argue the bankruptcy court abused its discretion because it incorrectly applied the test. (Doc. 16 at 12-13.) Appellants relatedly argue the bankruptcy court's reasons for denying their stay are insufficient. (*Id.* at 15.) Moreover, in their reply, they argue the bankruptcy court's decision

cannot be upheld on the ground that a stay is not constitutionally required.[2] (Doc. 23 at 9.) Appellees argue the bankruptcy court properly applied the test. (Doc. 20 at 10.) Because the bankruptcy court appropriately balanced the unique, fact-dependent *Molinaro* considerations, this Court affirms its decision denying Appellants' stay.[3]

As identified by the bankruptcy court, the Constitution rarely requires a stay of civil proceedings pending the outcome of criminal proceedings. (Doc. 16-1 at 45 (citing *Fed. Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989)). A civil proceeding may be conducted at the same time as a related criminal proceeding, *even if* it necessitates the invocation of the Fifth Amendment privilege. *Baxter v. Palmigiano*, 425 U.S. 308, 318 (1976). The trier of fact may even draw adverse inferences from the invocation of the Fifth Amendment in a civil proceeding. *Id.* "The decision to stay civil proceedings in the face of a parallel criminal proceeding should be made 'in light of the particular circumstances and competing interests involved in the case.'" *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1994) (quoting *Molinaro*, 889 F.2d at 902). "[T]he extent to which the defendant's Fifth Amendment rights are implicated is a significant factor . . . but it is only one consideration to be weighed against others." *Keating*, 45 F.3d at 326 (citing *Molinaro*, 889 F.2d at 902). Whether other innumerable *possible* considerations apply depends on a case's unique facts.[4]

Here, Appellants fail to show the bankruptcy court abused its discretion in denying their requested stay. As a preliminary matter, Appellants improperly cite *Bateman v. U.S.*

---

[2] The Court finds unpersuasive Appellants' unsupported proposal that "[t]he fact that a stay is not constitutionally mandated is . . . irrelevant in determining whether it was improperly denied." (Doc. 23 at 9.) Clearly, considering the bankruptcy court's reasoning for denying Appellants' stay is relevant to this appeal.
[3] Both parties mistakenly discuss in their briefs whether this Court should grant a stay instead of further discussing how the bankruptcy court abused its discretion in denying one. (Doc. 16 at 17-24; Doc. 20 at 14-16.)
[4] Possible considerations include: "(1) the interest of the non-movants in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to them if a stay is granted; (2) the convenience of the court in the management of its cases and efficient use of judicial resources; (3) the interests of persons not parties to the civil litigation; (4) the interest of the public in pending civil and criminal litigation; and (5) the burden that any particular aspect of the proceedings may impose on the criminal defendants." *Molinaro*, 889 F.2d at 903.

*Postal Serv.*, 231 F.3d 1220, 1224 (9th Cir. 2000), for the proposition that the bankruptcy court's failure to consider each of *Molinaro*'s considerations requires reversal of its denial of a stay. (Doc. 16 at 14.) In *Bateman*, the Ninth Circuit reversed the district court's denial of a Rule 60(b)(1) motion "because . . . the district court applied the wrong legal standard." *Id.*, 231 F.3d at 1225. In fact, the Ninth Circuit reasoned that "[t]he court would have been within its discretion if it spelled out the equitable test and then concluded that [plaintiff] had failed to present any evidence relevant to the four factors. But it abused its discretion by omitting the correct legal standard altogether." *Id.* at 1224. Again, Appellants concede the bankruptcy court identified the appropriate test set forth in *Molinaro*. (Doc. 16 at 13.) As a result, *Bateman* is unavailing because the bankruptcy court did not "omit[] the correct legal standard altogether." 231 F.3d at 1224.

Moreover, Appellants' speculative argument that the bankruptcy court failed to analyze the considerations clearly listed in its oral ruling is belied by the record, which shows the bankruptcy court analyzed numerous considerations before denying the stay. (*See* Doc. 16-1 at 45-49.) For instance, after considering the pleadings and oral argument, it appears the bankruptcy court applied *Molinaro*'s balancing test for a parallel proceeding stay and even used additional considerations to determine whether a stay was in the interests of justice. (Doc. 16-1 at 45-49.) To reiterate, *Molinaro*'s list of specific considerations is not exclusive. *See Keating*, 45 F.3d at 324. Appellants admit that "[i]t cannot be disputed that all of the *Molinaro* factors are relevant." (Doc. 23 at 7.) Even if the bankruptcy court did not identify and apply any of the *suggested* considerations, which it did, it would not necessarily have abused its discretion because each stay decision requires analyzing a unique situation. The bankruptcy court, being privy to the unique situation of its own proceedings, is the ultimate fact-finder as to which considerations are most appropriate. The bankruptcy court did not abuse its discretion for failing to elaborate upon any single consideration in a vast, suggestive list to Appellants' liking. Based on the considerations identified by the bankruptcy court, which include the *Molinaro* ones, this Court finds its denial of a stay plausible, logical, and supported by the record before it.

Thus, the Court finds Appellants fail to show the court abused its discretion by denying a highly discretionary parallel proceeding stay.

### B. "Suspension" under 11 U.S.C. § 305.[5]

Appellants next argue the bankruptcy court abused its discretion by refusing to abstain under 11 U.S.C. § 305 because it failed to "evaluate or discuss the interests of Appellants or the creditors." (Doc. 16 at 24.) In claiming the nonexclusive considerations under this section are substantially similar to those for parallel proceeding stays, (Doc. 20 at 20), Appellees argue the bankruptcy court already considered whether abstention would serve the creditors and debtors' interests when it denied Appellants' stay. (*Id.*) The Court agrees with Appellees.

Under section 305, a "[bankruptcy] court . . . may suspend all proceedings in a case under this title, at any time if—(1) the interests of creditors and the debtor would be better served by . . . suspension[.]" Abstention under section 305 dismisses or suspends the entire bankruptcy proceeding. *In re Bellucci*, 119 B.R. 763, 771 (E.D. Cal. 1990) (citing 11 U.S.C. § 305). The standard is "whether the 'interests of creditors and the debtor would be better served by' abstention." *Id.* (citing 11 U.S.C. § 305(a)(1)).

This Court finds that refusing to abstain under section 305 was not an abuse of discretion. The bankruptcy court identified the applicable standard and refused to abstain only after considering the pleadings, oral argument, and whether "the interests of creditors and the debtor would be better served by such dismissal or suspension." (Doc. 16-1 at 47.) The bankruptcy court reasoned that "[Appellants] have provided no compelling argument to justify suspension of this case pursuant to Section 305." (Doc. 16-1 at 49.) Just as it was not the bankruptcy court's responsibility to raise compelling arguments for abstention, it is not this Court's responsibility either. While the bankruptcy court did not explicitly state "abstention under section 305 would not serve the creditors' and debtors' interests," as Appellants seemingly request, it had already considered both parties' interests in analyzing

---

[5] Appellants classify this section as permitting the bankruptcy court to *suspend* proceedings. Suspension is a technical effect of the court's decision to abstain. However, since the statute is called "Abstention," the Court refers to this procedure as abstention.

their requested stay. (*See* Doc. 16-1 at 46 ("[A] court should consider . . . the interest of the plaintiffs" and "[t]he burden with which any particular aspect of the proceeding may impose on defendants.")). Appellants' suggestion that the bankruptcy court identified these interests at oral argument only minutes before refusing to abstain but failed to analyze them is speculative and unpersuasive to this Court. Therefore, this Court finds the bankruptcy court did not abuse its discretion by refusing to abstain under section 305.

### C. Abstention under 28 U.S.C. § 1334(c)(1).

Appellants argue the bankruptcy court inappropriately refused to abstain from all bankruptcy proceedings under section 1334(c)(1). (Doc. 16 at 25.) As an initial matter, they concede the bankruptcy court identified the correct considerations in *In re Tucson Estates*, but nevertheless argue it failed to properly *apply* them. (*Id.*) Appellees claim the bankruptcy court applied these considerations when it denied Appellants' stay. (Doc. 20 at 20.) The Court agrees that the bankruptcy court already analyzed the illustrative list of abstention considerations and therefore finds no abuse of discretion.

"Section 1334 sets forth when a bankruptcy court . . . may abstain in favor of *state court adjudication* of an *issue*." *In re Tucson Estates*, 912 F.2d 1162, 1166 (9th Cir. 1990) (emphasis added). Under section 1334(c)(1), a bankruptcy court may abstain "from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11" when abstention is "in the interest of justice, or in the interest of comity with State courts or respect for State law." 28 U.S.C. § 1334(c)(1). Like stays, there is a nonexclusive list of "common-sense factors . . . identified as pertinent to the inquiry." *In re Republic Reader's Serv., Inc.*, 81 B.R. 422, 429 (Bankr. S.D. Tex. 1987).[6]

---

[6] Twelve Ninth Circuit considerations include: "(1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable law, (4) the presence of a related proceeding commenced in state court or other non-bankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than form of an asserted 'core' proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden of [the bankruptcy court's] docket, (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to a jury trial, and (12) the presence in the proceeding of nondebtor parties." *In re*

This Court finds that refusing to abstain under section 1334(c)(1) after identifying the appropriate standard was not an abuse of discretion for three reasons. First, Appellants' request under section 1334(c)(1), as the court pointed out, was unclear as to "who [the court] would be abstaining to." (Doc. 16-1 at 49.) Appellants requested the bankruptcy court "abstain from all [proceedings] that may implicate [their] constitutional rights . . . until the resolution of the criminal case," but identified no particular proceeding. (Doc. 22-2 at 82.) It goes without saying that a bankruptcy court cannot abstain from its own proceedings. Moreover, Appellants identify no *particular* bankruptcy proceeding implicating their constitutional rights. After trying to apply *In re Tucson*'s nonexclusive abstention factors, (Doc. 16-1 at 47), the bankruptcy court understandably refused to blindly abstain to itself based on Appellants' overbroad and ambiguous request.

Second, and contrary to Appellants' assertion, the bankruptcy court correctly analyzed abstention under this section. For instance, under *In re Tucson*'s first factor, the bankruptcy court reasoned that abstention from an entire bankruptcy proceeding would be inefficient because Appellants already "have made little or no progress towards [their Chapter 13 plan confirmation]." (Doc. 16-1 at 47.) Moreover, as Appellants concede, not all of *In re Tucson*'s considerations automatically apply to every case. (Doc. 22-2 at 83) ("These factors, to the extend applicable here, warrant abstention."). While Appellants claim "the failure to analyze any of the applicable factors constitutes an abuse of discretion," (Doc. 16 at 25), a bankruptcy court need only analyze applicable factors. Here, it appears that the bankruptcy court found many of *In re Tucson*'s factors inapplicable because Appellants failed to identify any particular bankruptcy proceeding warranting abstention, or another court it should abstain to. The bankruptcy court was correct in not applying inapplicable considerations.

Lastly, Appellants' conclusory arguments for abstention before the court are also unpersuasive here. (*See* Doc. 22-2 at 83-84.) For example, Appellants argue under *In re Tucson*'s third consideration that "[t]he applicable law may or may not be settled." (*Id.* at

---

*Tucson Estates*, 912 F.2d at 1167 (quoting *In re Republic Reader's Serv., Inc.*, 81 B.R. at 429).

83.) This is entirely unhelpful. They fail to identify what this "applicable law" is or how it predominates over any bankruptcy issues. As another example, Appellants argue under the ninth consideration that "[t]he burden on the [bankruptcy court's] docket would be lessened by abstention, as the issues would likely be streamlined by the conclusion of the criminal case." (*Id*.) Again, Appellants' conclusory statement falls short. They fail to explain how an idle bankruptcy proceeding with numerous creditors would lessen the bankruptcy court's burden, let alone how the criminal case's resolution would streamline bankruptcy proceedings. As a final example, contrary to Appellants' bleak assertion that "[t]he forum shopping factor does not apply," Appellants appear, as the bankruptcy court found, to be using bankruptcy as a shield without actually moving forward with its bankruptcy proceedings. (Doc. 16-1 at 49.) Accordingly, the bankruptcy court was correct in not finding these unsupported conclusions favor abstention.

In sum, Appellants' ambiguous and overbroad abstention request, propped up by conclusory justifications, did not warrant abstention and the bankruptcy court correctly refused to abstain. The burden rests with Appellants, not the bankruptcy court, to show why abstention is appropriate. Where Appellants fail to identify compelling arguments for abstention, let alone identify which bankruptcy proceedings they wish to abstain from, a request to abstain is correctly denied. Consequently, the bankruptcy court did not abuse its discretion in refusing to abstain under section 1334(c)(1).

**IV.    CONCLUSION**

Appellants fail to show the bankruptcy court abused its discretion in denying their stay or refusing to abstain under section 305 or section 1334(c)(1).

Accordingly,

**IT IS ORDERED** that the Bankruptcy Court's Order of June 24, 2019 is affirmed.

Pursuant to Federal Rule of Bankruptcy Procedure 8024(a), the Clerk of the Court shall enter judgment accordingly and terminate this case.

Dated this 16th day of March, 2020.

_____
Honorable Susan M. Brnovich
United States District Judge